UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

TIMOTHY BELL,

   Plaintiff,

v.   16-CV-4048

GREG SCOTT,

   Defendants.

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C.

§ 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Rushville Treatment and Detention Center has a new policy regarding indigent residents' outgoing mail. Nonlegal mail is no longer subsidized and will not be mailed out unless the postage has been prepaid by the resident.  Plaintiff's letters to politicians, family members and an editor were returned for lack of postage.  Rushville also has stopped allowing residents to convert "points" (which are accumulated for good behavior or performing tasks) into cash.

Plaintiff has a First Amendment right to send and receive mail. Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999).  However, Defendants do not have to subsidize Plaintiff's exercise of that right.

*See* George v. Smith, 2005 WL 1812890 (W.D. Wis. 2005)(state must pay for indigent inmate's access to courts but "there is no general constitutional entitlement to subsidy")(collecting cases). Plaintiff's access to the courts is not affected in any way by the new policy. Plaintiff also has no constitutional right to the conversion of his "points" into cash.

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is denied (3) because Plaintiff fails to state a federal claim. Any amendment would be futile because Plaintiff has no constitutional right to have the government pay the postage for Plaintiff's outgoing mail that does not involve Plaintiff's access to the court.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

**3) The clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58.**

4) **This case is closed. All pending motions are denied as moot.**

ENTERED: 3/4/2016

FOR THE COURT:

                                **s/James E. Shadid**
                              JAMES E. SHADID
                              UNITED STATES DISTRICT JUDGE